```
                 IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON

JORDAN A. GIBBS,

         Petitioner,
                                         Civil No. 05-1639-ST
      v.

JEAN HILL, Superintendent,               FINDINGS AND RECOMMENDATION
Snake River Correctional
Institution,

         Respondent.

      Thomas J. Hester
      Assistant Federal Public Defender
      101 S.W. Main Street, Suite 1700
      Portland, Oregon 97204

            Attorney for Petitioner

      Hardy Myers
      Attorney General
      Dennis M. Vannier
      Assistant Attorney General
      Department of Justice
      1162 Court Street NE
      Salem, Oregon 97310

            Attorneys for Respondent

       1 - FINDINGS AND RECOMMENDATION
```

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. In this proceeding, he seeks to challenge the legality of his sentence stemming from his state convictions for Attempted Rape in the First Degree, Assault in the Second Degree, and Sexual Abuse in the First Degree. For the reasons which follow, the Petition for Writ of Habeas Corpus (docket #1) should be denied.

## BACKGROUND

On October 28, 1999, petitioner sexually assaulted a 15-year-old girl working alone in a bookstore. When she resisted, petitioner stabbed her twice with his Leatherman knife, but the victim was able to escape. Respondent's Exhibit 119, pp. 5-6. As a result of this attack, petitioner pled guilty to Attempted Rape in the First Degree, two counts of Assault in the Second Degree, and two counts of Sexual Abuse in the First Degree. Respondent's Exhibit 103. The trial court found petitioner to be a Dangerous Offender under Oregon law and sentenced him to a total term of incarceration of 290 months. Respondent's Exhibit 105.

Petitioner filed a direct appeal, alleging that the trial court erred when it imposed five dangerous offender sentences where "dangerous offender status was not alleged in the indictment, submitted to a jury, admitted to by defendant or proved beyond a reasonable doubt." Respondent's Exhibit 106, p. 3. To support his

claim, he cited *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a case which the Supreme Court decided almost six weeks prior to his sentencing.

In the "Preservation of Error" section of his Appellant's Brief, petitioner conceded that he "did not object to his sentences on the basis argued on appeal." Respondent's Exhibit 106, p. 4. He nevertheless argued that the Oregon Court of Appeals should review the claim because it constituted "plain error." *Id* at 7-8.

In response to the Appellant's Brief, the State moved for summary affirmance. It argued that the Appellant's Brief did not present a substantial question of law since the *Apprendi* claim was neither preserved nor constituted "plain error." Respondent's Exhibit 107. The Oregon Court of Appeals granted the State's Motion as follows:

> Respondent has moved for summary affirmance on the ground that appellant has presented no substantial question of law on appeal. ORS 138.225. Appellant has not opposed the motion. The motion is granted.
>
> Affirmed.

Respondent's Exhibit 108.

Petitioner sought review of this decision, but the Oregon Supreme Court denied review. Respondent's Exhibits 109 & 110.

Petitioner next filed for post-conviction relief ("PCR") in the Malheur County Circuit Court. Respondent's Exhibit 112. In his PCR Petition, petitioner raised five claims of ineffective assistance of counsel stemming from his sentencing. He asserted

3 - FINDINGS AND RECOMMENDATION

that counsel should have objected to his sentence because: (1) all Dangerous Offender departures should merge for sentencing purposes; (2) Dangerous Offender departures are not allowed on a Measure 11 mandatory minimum sentence; (3) information from his juvenile sex offender treatment program was improperly used against him at sentencing; (4) Assault in the First Degree and Assault in the Second Degree should not share the same crime seriousness rating; and (5) two of his convictions should have merged for sentencing. *Id*. The PCR trial court denied relief on all of petitioner's claims. Respondent's Exhibit 121.

Petitioner appealed the PCR trial court's decision and, for the first time, argued that counsel was ineffective when he failed to object to the imposition of Dangerous Offender sentences where the enhancement factors were not proven to a jury beyond a reasonable doubt in violation of *Apprendi*. Respondent's Exhibit 122. Because petitioner raised this claim for the first time on appeal, the State again moved for summary affirmance alleging that the PCR Appellant's Brief failed to present a substantial question of law since the claim raised was unpreserved. Respondent's Exhibit 123. The Oregon Court of Appeals granted the Motion as follows:

> Respondent has moved for summary affirmance on the ground that appellant has presented no substantial question of law on appeal. ORS 138.660. Appellant has not opposed the motion. The motion is granted.
>
> Affirmed.

4 - FINDINGS AND RECOMMENDATION

Respondent's Exhibit 124.

Petitioner sought review of this decision, but the Oregon Supreme Court denied review. Respondent's Exhibit 126.

On October 28, 2005, petitioner filed his *pro se* Petition for Writ of Habeas Corpus in which he raises the following claims:

(1) The trial court erred by imposing a Dangerous Offender sentence based on facts not alleged in the indictment or pled to by the defendant;

(2) The trial court should not have sentenced petitioner as a Dangerous Offender without a jury determination of the factors enhancing his sentence, and trial counsel was ineffective for failing to object to this procedure at sentencing;

(3) Trial counsel failed to object to multiple Dangerous Offender sentences;

(4) Trial counsel failed to challenge the imposition of Dangerous Offender sentences on the basis that they constituted departures from the mandatory minimum sentences; and

(5) Trial counsel was ineffective because he failed to challenge the mandatory minimum sentences imposed upon him despite his lack of a criminal history, and the absence of a jury finding of aggravating factors to support any sentencing enhancement.

Respondent asks the court to deny relief on the Petition because all of petitioner's claims are procedurally defaulted.

**FINDINGS**

**I. Unargued Claims**

Although the *pro se* Petition for Writ of Habeas Corpus identifies five grounds for relief, petitioner opts to focus his briefing on Grounds One and Two. Petitioner does not provide

5 - FINDINGS AND RECOMMENDATION

argument to support the remaining claims raised in his *pro so* Petition, nor does he attempt to refute the State's arguments that these claims do not entitle him to relief. The court has nevertheless reviewed petitioner's unargued claims and determined that they do not entitle him to relief. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

## II.  **Exhaustion and Procedural Default**

Respondent contends that petitioner failed to fairly present his Grounds One and Two claims to the Oregon state courts because he failed to preserve them for appeal during both direct and collateral review.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v.*

6 - FINDINGS AND RECOMMENDATION

*Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims could have been considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

    A.    **Direct Appeal**

Appellate review in Oregon's state courts is governed by ORAP 5.45(1) which states that "[n]o matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court. . . ." However, ORAP 5.45(1) does provide an alternate procedure whereby "the appellate court may consider an error of law apparent on the face of the record." This latter

provision allows the Oregon Court of Appeals to consider errors of law which are "obvious" and "not reasonably in dispute."  *Ailes v. Portland Meadows, Inc.*, 312 Or. 376, 381, 823 P.2d 956 (1991).

As previously discussed, the State asked the Oregon Court of Appeals to summarily affirm petitioner's sentence.  In its Motion for Summary Affirmance, the State argued that petitioner failed to present a substantial question of law because the *Apprendi* claim he sought to argue was unpreserved.  In doing so, it asserted that petitioner's *Apprendi* claim was reasonably open to dispute and, therefore, did not meet the standard for "plain error."

A federal court is precluded from reviewing the merits of a claim when the state court has denied relief on the basis of an independent and adequate state procedural rule. *Coleman,* 501 U.S. at 731-32 (1991); *Vansickel v. White*, 166 F.3d 953, 957 (9th Cir. 1999). A state procedural rule constitutes an "independent" bar if it is not interwoven with federal law or dependent upon a federal constitutional ruling. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985); *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001).  Petitioner asserts that the State's argument in opposition to a finding of "plain error" required the Oregon Court of Appeals to engage in a federal analysis of petitioner's *Apprendi* claim and, therefore, an "independent" state procedural bar did not apply to cause a procedural default.

8 - FINDINGS AND RECOMMENDATION

Petitioner's argument reads the "plain error" exception too broadly. Nothing about ORAP 5.45(1) is interwoven with federal law. To the contrary, ORAP 5.45(1), as it has been interpreted, requires only that claims must be preserved in the trial court, and unpreserved claims will only be entertained if they are obvious and not reasonably in dispute. *Ailes*, 312 Or. at 381. Petitioner would have the court read ORAP 5.45(1) in an as-applied manner such that any future federal habeas litigant could always cite to the "plain error" exception in order to raise a claim in federal habeas which was not preserved for state appellate review and likely not considered by the state courts. Such a result is contrary to the purpose of the exhaustion doctrine which is designed "to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

Petitioner also maintains that the Oregon Court of Appeals provided no explanation why it affirmed his sentence. Because it never invoked preservation as a basis for affirming his sentence, petitioner he concludes that the Oregon Court of Appeals did not adequately rely on a state procedural bar to deny relief. A review of the record reveals otherwise.

9 - FINDINGS AND RECOMMENDATION

The State moved for summary affirmance on the basis that petitioner had not preserved his *Apprendi* claim and, therefore, failed to present a substantial question of law. The Oregon Court of Appeals agreed, explicitly concluding that "appellant has presented no substantial question of law on appeal." Respondent's Exhibit 108. The Oregon Court of Appeals relied on the only issue in the State's unopposed Motion for Summary Affirmance, namely, preservation. Consequently, the Oregon Court of Appeals adequately affirmed petitioner's sentence using a state procedural bar.

Petitioner also argues that a finding of procedural default in this case would be improper because summary affirmance in Oregon is considered to be a "decision upon the merits." ORS 138.225, which governs summary affirmation, expressly states that "[a] dismissal of appeal under this section constitutes a decision upon the merits of the appeal." However, as discussed above, it is clear from the record that the Oregon Court of Appeals did not reach the merits of petitioner's *Apprendi* claim, and instead relied upon the independent and adequate state procedural bar of preservation to resolve the case. The court, therefore, views the language in ORS 138.225 as merely having a *res judicata* effect to bar further litigation of claims which are denied by summary affirmance. While summary affirmance is considered to be a disposition "upon the merits" for this purpose, it does not automatically satisfy the

10 - FINDINGS AND RECOMMENDATION

fair presentation requirement applicable to 28 U.S.C. § 2254 habeas cases.

Accordingly, petitioner failed to fairly present his *Apprendi* claim to the Oregon Court of Appeals in a context in which the merits of the claims were considered. As the time for presenting this claim to the Oregon courts passed long ago, the court finds it to be procedurally defaulted.

**B.    PCR Proceedings**

Petitioner also argues that the Oregon Court of Appeals considered the merits of his unpreserved ineffective assistance of counsel claim in Ground Two. He again directs the court's attention to ORS 138.225 to show that the summary affirmance during his PCR appeal constituted a decision on the merits sufficient to fairly present the issue to the Oregon Court of Appeals. As discussed above, summary affirmance in Oregon does not automatically lead to the conclusion that the appellate court addressed the merits of a federal constitutional claim sufficient to satisfy the fair presentation requirement applicable to § 2254 actions.

Accordingly, petitioner failed to fairly present his ineffective assistance of counsel claim to the state courts. As he may no longer do so, the claim is procedurally defaulted. Petitioner has not argued cause and prejudice, nor attempted to

11 - FINDINGS AND RECOMMENDATION

make a colorable showing of actual innocence sufficient to excuse his default.

## **RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #1) should be DENIED, and judgment should be entered DISMISSING this case with prejudice.

## **SCHEDULING ORDER**

Objections to these Findings and Recommendation, if any, are due January 18, 2008.  If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this <u>2nd</u> day of January, 2008.

<u>/s/  Janice M. Stewart</u>
Janice M. Stewart
United States Magistrate Judge
